**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 4 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SIMON DEBESSAY, | No. 22-37 |
| Petitioner, | Agency No. A077-824-637 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 11, 2023
San Francisco, California

Before: PAEZ, CLIFTON, and H.A. THOMAS, Circuit Judges.

Simon Debessay petitions for review of the Board of Immigration

Appeals' ("BIA") dismissal of his administrative appeal. Debessay, who was

born in Addis Ababa, Ethiopia, seeks deferral of removal to Ethiopia under the

Convention Against Torture ("CAT") because he alleges that he will not be

recognized as an Ethiopian citizen and will be targeted on account of his

Eritrean lineage. We have jurisdiction under 8 U.S.C. § 1252. We review the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

BIA's factual findings for substantial evidence and questions of law and constitutional issues de novo. *Flores-Rodriguez v. Garland*, 8 F.4th 1108, 1113 (9th Cir. 2021).

Debessay raises three separate arguments. First, he argues that the BIA erred in affirming the Immigration Judge's ("IJ") denial of his motion to terminate on the basis that his deficient NTA deprived the immigration court of subject matter jurisdiction. Second, he contends that the BIA erred in affirming the IJ's denial of deferral of removal under CAT because the IJ failed to meet the regulatory burden to consider all relevant evidence under 8 C.F.R. § 1208.16(c)(3)(i) and thus, that the decision is not supported by substantial evidence. Third, he claims that the IJ's rescission of the prior IJ's designation of Eritrea as an alternative country of removal, without notice that this issue was under consideration, denied him a full and fair hearing under the Fifth Amendment and prejudiced the outcome of his case. We address each argument in turn and deny the petition for review.

1. The BIA did not err in affirming the IJ's denial of Debessay's motion to terminate on the basis that the immigration court lacked subject matter jurisdiction due to an incomplete NTA. We recently clarified that a deficiency in an NTA does not deprive an IJ of subject matter jurisdiction because such jurisdiction is rooted in the court's statutory authority to adjudicate immigration matters, rather than in the regulations governing immigration proceedings. *See United States v. Bastide-Hernandez*, 39 F.4th

2                                                                                        22-37

1187, 1188, 1192 (9th Cir. 2022). Thus, the IJ had subject matter jurisdiction over Debessay's case and the removal proceeding was not void ab initio by the deficiency in the NTA.

2.      Substantial evidence supports the BIA's denial of Debessay's application for deferral of removal under CAT. *See Flores-Rodriguez*, 8 F.4th at 1113. Even assuming that the BIA erred in failing to consider "all evidence relevant" under 8 C.F.R. § 1208.16(c)(3)(i) by (1) affirming the IJ's conclusion that the court could not consider "the past mistreatment of [Debessay's] family members" in evaluating his eligibility for CAT and (2) ignoring documentary evidence regarding his citizenship and nationality, any such errors were harmless. *Zamorano v. Garland*, 2 F.4th 1213, 1227–28 (9th Cir. 2021) (holding that the harmless error rule applies to immigration agency decisions). Critically, the record lacks "potentially dispositive" evidence that individuals of Eritrean heritage continue to face harm, let alone torture, in Ethiopia. *Cole v. Holder*, 659 F.3d 762, 771–72 (9th Cir. 2011) (holding that reversal for failure to consider all relevant evidence is only necessary where there is an indication that the BIA did not consider all of the evidence before it, such as a failure to mention "potentially dispositive evidence"). Therefore, any errors committed by the BIA were not prejudicial because the record does not "compel" the conclusion that it is "more likely than not" that Debessay would face a "particularized threat of torture" if removed to Ethiopia. *Dhital v. Mukasey*, 532 F.3d 1044, 1051–52 (9th Cir. 2008) (citation and quotation marks omitted).

**3.** Debessay was not prejudiced by the IJ's rescission of the prior IJ's designation of Eritrea as a country of removal as an alternative to Ethiopia. During oral argument, Debessay clarified that he would not seek to have Eritrea reinstated as an alternative country of removal. Rather, he claimed that he suffered prejudice because the IJ, in rescinding the prior IJ's designation of Eritrea as an alternative country of removal, deprived him of the opportunity to present evidence regarding his citizenship, which impacted the IJ's decision to deny his application for deferral of removal to Ethiopia. The IJ, however, weighed Debessay's and his family's testimony that he would not be considered an Ethiopian citizen and nonetheless found that there was insufficient evidence to show that he would more likely than not face torture upon removal to Ethiopia. Without compelling record evidence that Debessay would be singled out for torture, Debessay failed to demonstrate that "the outcome of the proceeding may have been affected" by any alleged due process violation. *Flores-Rodriguez*, 8 F.4th 1108 at 1113–14. Because Debessay did not suffer prejudice, we need not determine whether the IJ's decision to vacate Eritrea as an alternative country of removal denied him the right to a full and fair hearing. *See Colmenar v. I.N.S.*, 210 F.3d 967, 971 (9th Cir. 2000) (holding that to establish due process violation in immigration proceeding, a noncitizen must show prejudice).

**PETITION DENIED.**

4